02D09-2302-CT-000093
USDC IN/ND case 1:23-cv-00116-HAB-SLC document 2    filed 02/06/23    page 1 of 8

Filed: 2/6/2023 11:52 AM
Clerk
Allen County, Indiana
DM

Allen Superior Court 9

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
|  | ) ss: |  |
| COUNTY OF ALLEN | ) | CAUSE NO: _____ |

| | |
|---|---|
| JEREMY YORK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| POWDER PROCESS-SOLUTIONS, INC., | ) |
| and SHAMBAUGH & SON, LP | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Jeremy York ("York"), by counsel, for his cause of action against the Defendants, Powder Process-Solutions, Inc. ("PPS") and Shambaugh & Son, LP ("S&S"), alleges and states:

## I.
## INTRODUCTION

1.      This is a lawsuit that arises out of an injury that occurred on December 16, 2021, when York, a Dry Warehouse Operator for Dreyer's in Fort Wayne, Allen County, Indiana, was working in Dreyer's Peanut Room and looked through a site glass of the peanut pressure vessel to determine the peanut level in the vessel when it suddenly and unexpectedly exploded causing serious and permanent injuries. York asserts a negligence claim relating to PPS and S&S's servicing and maintenance of the peanut delivery system at Dreyer's.  As a direct and responsible cause of PPS and S&S's negligence in the servicing and maintenance of the peanut delivery system at Dreyer's, York has suffered and continues to suffer damages including but not limited

1

to personal injuries, bodily disfigurement, physical pain and suffering, mental anguish, medical costs, loss of income (past and future) diminution of his earning capacity. York seeks all damages recoverable under Indiana law, interests, costs, and all other just and proper relief.

## II.
## PARTIES

2       York is an individual citizen of the State of Indiana residing in Fort Wayne, Allen County, Indiana.

3.      At all relevant times, PPS was a corporation organized and existing under and by virtue of the laws of the State of Minnesota, with its principal place of business located at 1620 Lake Drive W, Chanhassen, Minnesota and doing business in the State of Indiana.

4.      At all relevant times, S&S was a foreign limited partnership organized and existing under and by virtue of the laws of the State of Texas, with its principal place of business located at 7614 Opportunity Drive, Fort Wayne, Indiana, 46825 and doing business in the State of Indiana.

## III.
## JURISDICTION AND VENUE

5.      This Court has both personal and subject matter jurisdiction because this lawsuit involves state tort law and the parties are citizens of the State of Indiana or the parties are doing business in the State of Indiana.

6.      Allen County is the appropriate place for venue because it is the county where the complained of conduct and injuries occurred.

## IV.
## FACTUAL BACKGROUND

7.      On or about December 1, 2008, York started working at Dreyer's Grand Ice Cream located at 3426 North Wells Street, Fort Wayne, Indiana, 46808.

8.      Dreyer's Grand Ice Cream is an ice cream business.

9.      During all relevant times, York was employed at Dreyer's as a Dry Warehouse Operator.

10.     As part of his job as a Dry Warehouse Operator, York would work in the Peanut Room.

11.     In approximately 2020, Dreyer's underwent some expansion at its location at 3426 North Wells Street, Fort Wayne, Indiana, 46808. Included in this expansion was an expansion of its peanut system which entailed, in part, to moving the peanut system to a new destination within the Wells Street location.

12.     As part of the expansion at its Well Street location, Dreyer's contracted with S&S to oversee the expansion. In turn, S&S subcontracted with PPS to support installation and startup of the peanut delivery system to a new destination within the Wells Street location.

13.     Prior to the expansion efforts, York had worked regularly in the Peanut Room with the peanut system.

14.     Prior to the expansion efforts, the peanut system had been operating normally without any major issues noticed by York.

15.     After S&S and PPS completed the peanut delivery system expansion, York, on occasion, noticed that the peanut pressure vessel that distributes the peanuts to the production

3

line, would vibrate and make loud vibrating sounds. York also felt as though the entire framework was not nearly as sturdy as it had been prior to the expansion. Additionally, shortly after the expansion, there was a broken seal discovered that had been causing major blowouts resulting in hundreds of pounds of peanut spilling to the floor on multiple occasions.

16.     After S&S and PPS completed the peanut delivery system expansion, PPS had come back out to the Wells Street location on a couple of occasions to check the peanut system.

17.     On or about May 4, 2021, PPS completed a Site Visit Report regarding the Peanut System Expansion noting that it had traveled to the Wells Street location on three occasions to support installation and startup of the peanut delivery system to a new destination and that its activities included installation qualification, operational qualification, and program changes pertinent to the additional destination. See PPS's Site Visit Report attached as Ex. 1.

18.     On December 16, 2021, York was working at Dreyer's in its Peanut Room when he had proceeded up to the platform of the peanut delivery system to determine when he was going to have to change the super sack of peanuts. This position placed York standing next to/over the peanut pressure vessel that distributes the peanuts to the production line. York leaned over to look through the site glass on the vessel (which is directly in front of him at about knee level) to determine the peanut level in the vessel. While he was looking into the site glass, York did not touch any controls or any part of the vessel. As he leaned over to look into the sight glass, the sight glass and frame unexpectedly and suddenly exploded striking York directly in the face.

19.     As a result of the explosion of the site glass and frame, York sustained life-threatening injuries including severe lacerations and multiples fractures to his face requiring emergency medical treatment, extensive surgical intervention and rehabilitation.

20.    As part of surgical intervention, York's jaw had to be wired shut for approximately 93 days and he was unable to eat solid food for approximately 175 days.

21.    To date, York is still undergoing surgical intervention and rehabilitation for the serious injuries he sustained on December 16, 2021.

22.    To date, York is still unable to engage in competitive employment and remains off work.

23.    To date, York continues to experience pain, discomfort, difficulties eating food, difficulties speaking, and difficulties hearing.

24.    As a direct and responsible cause of S&S and PPS' service work completed in 2020 and 2021 of the peanut delivery system at Dreyer's Wells Street where York worked and was injured, York sustained and continues to suffer severe and permanent physical injuries, severe pain and suffering, emotional distress, loss of enjoyment of life, economic damages (including, but not limited to, lost wages, future lost wages, diminution of earning capacity future medical and other expenses), and such other damages as are legally entitled to be recovered by York under applicable law.

**V.**
**STATEMENT OF CLAIM**

**COUNT I – NEGLIGENCE**

25.    York incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs 1-24 of his Complaint and further alleges:

26.    Upon information and belief, S&S and PPS had a contract with Dreyer's regarding, in part, expansion Dreyer's peanut delivery system at its Wells Street location which

involved, in part, disassembling the peanut delivery system, moving it to a new location at the Wells Street location, servicing it, repairing it, performing maintenance and providing installation qualification, operational qualification and program changes pertinent to the new destination.

27.     S&S and PPS were under a duty to exercise reasonable care in the work that they completed in 2020 and 2021 with respect to Dreyer's peanut delivery system at its Wells Street location.

28.     S&S and PPS breached their duty to exercise reasonable care in the work that they completed in 2020 and 2021 with respect to Dreyer's peanut delivery system at its Wells Street location, which resulted in York suffering the injuries and damages as described herein.

29.     S&S and PPS are legally responsible for the damages incurred/suffered by York as a result of their negligence.

30.     Upon information and belief, S&S and PPS's negligence includes, but is not limited to:

a)      servicing, repairing, rebuilding, reconstructing, reconditioning, and/or maintaining the peanut delivery system at Dreyer's Wells Street location;

b)      failing to identify and fix the peanut pressure vessel (including failing to realize and replace the tri-clover clamps on the peanut pressure vessel that were inadequate and/or compromised and posed a safety hazard based upon the ongoing vibration issues the peanut delivery system was experiencing);

c)      never warning Dreyer's or its employees about the danger of peanut pressure vessel, when they knew or in the exercise of reasonable diligence should have known of the

dangerous condition.

31.     As a direct and responsible cause of S&S and PPS's negligence, York has suffered and continues to suffer damages including, but not limited to, personal injuries, bodily disfigurement, physical pain and suffering, mental anguish, medical bills and loss of income, lost future income and diminished earning capacity.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jeremy York, by counsel, requests that the Court enter judgment in his favor and for the following relief:

a) An award of damages sufficient to compensate him for his injuries and losses;

b) Compensation for past and future economic and non-economic losses, including, but not limited to, medical expenses, lost wages, future lost income, loss of earning capacity, disfigurement, pain and suffering, mental anguish, and emotional distress;

c) Attorneys' fees and costs;

d) Pre-judgment and post-judgment interest; and

e) All other relief, both legal and equitable, appropriate under the circumstances.

Respectfully submitted,

**THEISEN HUBLEY LAW**

John C. Theisen, #549-02
Nathaniel O. Hubley, #28609-02
810 South Calhoun Street, Suite 200
Fort Wayne, Indiana 46802
Telephone: 260-422-4255
Facsimile: 260-422-4245
Attorneys for Plaintiff

8