UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEREMY YORK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-CV-116-HAB |
| ) | |
| POWDER PROCESS-SOLUTIONS, INC., ) et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff filed this case in the Allen County, Indiana, Superior Court alleging negligence against Defendants Powder Process-Solutions, Inc. ("PPS"), and Shambaugh & Son, LP ("S&S). It was removed here based on diversity jurisdiction. (ECF No. 1). Since removal, Plaintiff has amended his complaint to add two defendants: Cybertrol Engineering, LLC ("Cybertrol") and Don R. Fruchey, Inc. ("Fruchey"). Both Plaintiff and Fruchey are citizens of Indiana. (ECF No. 20 at 2).

Federal diversity jurisdiction provides a neutral forum for lawsuits between parties from different states, but such jurisdiction is construed narrowly, and *complete* diversity of citizenship is required to invoke it. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)); *see also* 28 U.S.C. § 1332(a). When a plaintiff sues in state court but could have invoked the original jurisdiction of the federal courts, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court. *Doe v.*

*Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Because complete diversity existed at the time, S&S's removal was proper.

When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996). These are the only options; the district court may not permit joinder of a nondiverse defendant and retain jurisdiction. *See Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination. *Mayes*, 198 F.3d at 463; *see also Perez v. Arcobaleno Pasta Machs., Inc.*, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003); *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d 1202, 1204 (S.D. Ind. 2001).

The magistrate judge has already permitted the joinder of Cybertrol and Fruchey (ECF No. 19), so the path is set. This Court no longer has jurisdiction under 28 U.S.C. § 1332, and this matter is REMANDED to the Allen County, Indiana, Superior Court.

SO ORDERED on June 13, 2023.

                                        s/ *Holly A. Brady*
                                        JUDGE HOLLY A. BRADY
                                        UNITED STATES DISTRICT COURT